UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

JACQUELYNN LEBRON, on behalf of herself
and others similarly situated,

     Plaintiff,

     v.

A ABILITY ADVOCATE – PAUL K. SCHRIER, PLLC,
d/b/a SCHRIER LAW GROUP,
A ABILITY ADVOCATE – PAUL K. SCHRIER P.A.,
d/b/a SCHRIER LAW GROUP, and
PAUL K. SCHRIER, individually,

     Defendants.
_____/

## **COMPLAINT**

1.     Plaintiff, JACQUELYNN LEBRON (hereinafter referred to as "LEBRON" and "Plaintiff"), is an individual residing in Broward County, Florida.

2.     Defendants, A ABILITY ADVOCATE – PAUL K. SCHRIER, PLLC, a Florida Limited Liability Company, A ABILITY ADVOCATE – PAUL K. SCHRIER P.A., a Florida Corporation, both d/b/a SCHRIER LAW GROUP, and PAUL K. SCHRIER, individually (hereinafter collectively referred to as "Defendants"), have at all times material to this Complaint owned and operated a personal injury law firm specializing in, *inter alia*, automobile & trucking accidents, slip & fall injuries, medical malpractice, wrongful death, pool injuries, homeowners' insurance claims, products liability, and workplace injuries, located at 11098 Biscayne Boulevard, Suite 208, Miami, Florida 33161 in Miami-Dade County, within the jurisdiction of this Court.

3.     At all times material to this Complaint, Defendant, PAUL K. SCHRIER, has owned and managed A ABILITY ADVOCATE – PAUL K. SCHRIER, PLLC and A ABILITY

1

ADVOCATE – PAUL K. SCHRIER P.A., both d/b/a SCHRIER LAW GROUP, and PAUL K. SCHRIER has regularly exercised the authority to hire and fire employees including Plaintiff, determined the manner in which Plaintiff and other employees were compensated, determined how Plaintiff and other employees' hours worked were tracked or recorded, set the rates of pay of Plaintiff and other employees, and/or controlled the finances and day-to-day management operations of A ABILITY ADVOCATE – PAUL K. SCHRIER, PLLC and A ABILITY ADVOCATE – PAUL K. SCHRIER P.A., d/b/a SCHRIER LAW GROUP.  By virtue of such control and authority, PAUL K. SCHRIER has been an employer of Plaintiff and the other employees of A ABILITY ADVOCATE – PAUL K. SCHRIER, PLLC A ABILITY ADVOCATE – PAUL K. SCHRIER P.A., both d/b/a SCHRIER LAW GROUP, similarly situated to Plaintiff as defined by the FLSA, 29 U.S.C. §203(d).

4.      LEBRON brings this action on behalf of herself[1] and other current and former hourly, non-exempt employees of Defendants similarly situated to Plaintiff who have worked in Defendants' law firm, however variously titled, for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).

5.      At all times material to this Complaint, LEBRON was an employee of Defendants, A ABILITY ADVOCATE – PAUL K. SCHRIER, PLLC and A ABILITY ADVOCATE – PAUL K. SCHRIER P.A., both d/b/a SCHRIER LAW GROUP, and PAUL K. SCHRIER, within the meaning of the FLSA, 29 U.S.C. §203(e)(1).

6.      At all times material to this Complaint, Defendants, A ABILITY ADVOCATE – PAUL K. SCHRIER, PLLC and A ABILITY ADVOCATE – PAUL K. SCHRIER P.A., both d/b/a

---

[1] Attached hereto is a signed Consent to Join of JACQUELYNN LEBRON.

SCHRIER LAW GROUP, and PAUL K. SCHRIER, were employers or a joint employer of LEBRON within the meaning of the FLSA, 29 U.S.C. §203(d).

7.      Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 29 U.S.C. §1337 and a substantial part of the events giving rise to this action occurred within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

8.      At all times material to this Complaint including but not necessarily limited to during the years of 2018, 2019, 2020, and 2021, A ABILITY ADVOCATE – PAUL K. SCHRIER, PLLC and A ABILITY ADVOCATE – PAUL K. SCHRIER P.A., both d/b/a SCHRIER LAW GROUP, employed two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.  In this regard, LEBRON alleges based upon information and belief, and subject to discovery, that at all times material to this Complaint including during the years 2018, 2019, 2020, and 2021, A ABILITY ADVOCATE – PAUL K. SCHRIER, PLLC and A ABILITY ADVOCATE – PAUL K. SCHRIER P.A., both d/b/a SCHRIER LAW GROUP, employed two (2) or more employees who, *inter alia*, regularly: (a) regularly handled and worked on office equipment—including but not limited to computers, photocopier/scanner, printers, telephones—that were goods and/or materials moved in or produced for commerce; (b) regularly handled and worked with commercial office supplies—including but not limited to paper, pens, and UPS, FedEx, and United States Postal Service shipping materials—that were goods and/or materials moved in or produced for commerce; and (c) regularly communicated with and transacted business across State lines, including but not limited to, with clients and insurance companies outside of the State of Florida in States such as California, Georgia, and Texas.

3

9.     Based upon information and belief, the annual gross sales volume of A ABILITY ADVOCATE – PAUL K. SCHRIER, PLLC and A ABILITY ADVOCATE – PAUL K. SCHRIER P.A., both d/b/a SCHRIER LAW GROUP, was in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2018, 2019, 2020, and 2021.

10.     At all times material to this Complaint, including but not necessarily limited to during the years of 2018, 2019, 2020, and 2021, A ABILITY ADVOCATE – PAUL K. SCHRIER, PLLC and A ABILITY ADVOCATE – PAUL K. SCHRIER P.A., both d/b/a SCHRIER LAW GROUP, has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

11.     During the three (3) year statute of limitations period between August 2018 and August 2021, LEBRON's primary duties as a paralegal for Defendants consisted of the following non-exempt tasks under the supervision of attorneys at A ABILITY ADVOCATE – PAUL K. SCHRIER, PLLC and A ABILITY ADVOCATE – PAUL K. SCHRIER P.A., both d/b/a SCHRIER LAW GROUP, including, for example, David S. Kuczenski, Esquire:  (a) scheduling hearings, depositions, and mediations for cases within Defendants' PIP department;  (b) calendaring motions and processing mail—including but not limited to, pleadings from other law firms' attorneys and the Courts—and sending out mail for Defendants' clients and cases; and (c) answering and handling telephone calls with Defendants' clients.

12.     At all times material to this Complaint between August 2018 and August 2021, LEBRON was herself individually engaged in interstate commerce as a paralegal working for Defendants within the meaning of the FLSA, 29 U.S.C. §207(a)(1), because, *inter alia*, Plaintiff: (a) regularly performed work on PIP cases for Defendants' law firm that involved interstate

insurance policies; and (b) communicated via telephone and/or electronically with individuals outside of Florida for Defendants' cases including—for example but not limited to—to the States of Texas and Alabama in carrying out her paralegal duties for Defendants' PIP cases.

13.     The additional persons who may become Plaintiffs in this action are Defendants' current and former paralegals in Defendants' law firm, however variously titled, who have worked for Defendants in one or more weeks between August 2018 and the present without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for Defendants.

14.     The primary job duties performed by LEBRON and the other similarly situated paralegals, however variously titled, for Defendants between approximately August 2018 and the present *did not* involve the exercise of independent judgment nor were their primary duties administrative tasks that involved exercising discretion for Defendants' general business operations.

15.     Likewise, the primary duties and work performed by LEBRON and the other similarly situated paralegals, however variously titled, for Defendants between approximately August 2018 and the present have required little skill and no capital investment, as these duties *did not* substantially include managerial responsibilities or the exercise of independent judgment with respect to matters of significance in the operation of Defendants' administration or production operations.

16.     Instead, LEBRON and the other similarly situated paralegals, however variously titled, have devoted the majority of their working time for Defendants within the three (3) year statute of limitations period between approximately August 2018 and the present to performing

clerical and ministerial and clerical tasks in Defendants' personal injury law practice subject to a Florida-bar licensed attorney's oversight and supervision.

17.     Finally, the primary duties of LEBRON and the other similarly situated paralegals, however variously titled, for Defendants during the three (3) year statute of limitations period between approximately August 2018 and the present *was not* management of any department(s) or job sites of Defendants' personal injury law firm, and Plaintiff and the other paralegals, however variously titled, had no authority for and did not regularly interview, hire, discipline, or fire employees of Defendants' law firm

18.     During the three (3) year statute of limitations period between August 2018 and August 2021, LEBRON regularly worked as a non-exempt paralegal for Defendants approximately five (5) days per week with regular start times between approximately 8:00 to 8:30 a.m. and stop times that ranged between approximately 5:30 p.m. to 6:30 p.m. and as late as approximately 7:15 p.m., regularly working an average of between approximately Forty-Five (45) to Fifty (50) hours per week in numerous work weeks within the statute of limitations period.

19.     Likewise, the other employees of Defendants who are similarly situated to LEBRON have regularly worked as non-exempt paralegals in Defendants' law firm, however variously titled, in excess of Forty (40) hours in one or more work weeks for Defendants within the three (3) year statute of limitations period between August 2018 and the present.

20.     However, Defendants have failed to pay time and one-half wages for the overtime hours worked by LEBRON and the other similarly situated non-exempt paralegals in Defendants' law firm, however variously titled, for all of their actual overtime hours worked during multiple work weeks within the three (3) year statute of limitations period between August 2018 and the present as a result of *inter alia*, Plaintiff and the other similarly situated employees being paid a

salary for Forty (40) hours per week without time and one-wages for each and every hour worked in excess of 40 hours per week as required by the FLSA, 29 U.S.C. §207.

21.    Subject to discovery, based upon Defendants paying LEBRON average gross weekly wages of approximately $769.23 per week for Forty (40) hours of work per week between August 2018 and August 2021 and Plaintiff being owed an average of between approximately Five (5) and Ten (10) uncompensated overtime hours per week from Defendants during a total of approximately One Hundred and Thirty-Two (132) work weeks within statute of limitations period, if Plaintiff's unpaid overtime wages are found to be due and owing at the time and one-half rate of $28.85/hour [$769.23/40 hours = $19.23/hour x 1.5 = $28.85/hour], Plaintiff's unpaid overtime wages total **$28,557.56** [($28.85/hour x 5 OT hours/week x 66 weeks = $9,519.22) + ($28.85/hour x 10 OT hours/week x 66 weeks = $19,038.44) = $28,557.56], whereas if Defendants were to be able to demonstrate that the FLSA's "fluctuating workweek method," 29 C.F.R. §778.114, governs the calculation of Plaintiff's unpaid overtime wages on a half-time basis at the rates of $7.69/hour and $8.55/hour [$769.23/45 hours = $17.09/2 = $8.55/hour/$769.23/50 hours = $15.38/2 = $7.69/hour], Plaintiff's unpaid overtime wages total **$7,897.43** [($8.55/hour x 5 OT hours/week x 66 weeks = $2,820.51) + ($7.69/hour x 10 OT hours/week x 66 weeks = $5,076.92) = $7,897.43].

22.    Based upon information and belief, Defendants have failed to maintain contemporaneous or accurate records of all of the actual start times, stop times, number of hours worked each day, and total hours actually worked each week by LEBRON and other similarly situated non-exempt paralegals in Defendants' law firm, however variously titled, during each week between approximately August 2018 and the present as required by the FLSA, 29 C.F.R. §516.2(a)(7).

23.     At all times material to this Complaint, Defendants had knowledge of the hours worked in excess of Forty (40) hours per week by LEBRON and other similarly situated non-exempt paralegals in Defendants' law firm, however variously titled, during each week between August 2018 and the present but Defendants have willfully failed to compensate Plaintiff and the other similarly situated employees for all of their actual overtime hours worked for Defendants, instead accepting the benefits of the work performed by LEBRON and other employees without the overtime compensation required by the FLSA, 29 U.S.C. §207.

24.     The complete records reflecting the compensation paid by Defendants to LEBRON and the other similarly situated non-exempt paralegals in Defendants' law firm, however variously titled, at any location between August 2018 and the present are in the possession, custody, and/or control of Defendants.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

25.     Plaintiff, JACQUELYNN LEBRON, readopts and realleges the allegations contained in Paragraphs 1 through 24 above.

26.     LEBRON is entitled to be paid time and one-half of her applicable regular rates of pay for each hour she worked for Defendants as a non-exempt employee in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between August 2018 and August 2021.

27.     All similarly situated non-exempt paralegals in Defendants' law firm, however variously titled, of Defendants are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendants at any location but were not properly compensated for working on Defendants' behalf during any work weeks within the three (3) year statute of limitations period between August 2018 and the present.

28.     Defendants knowingly and willfully failed to pay LEBRON and other non-exempt paralegals in Defendants' law firm, however variously titled, similarly situated to her at time and one-half of their applicable regular rates of pay for all hours worked for Defendants in excess of Forty (40) per week between August 2018 and the present.

29.     At all times material to this Complaint, Defendants had constructive and actual notice that Defendants' compensation practices did not provide LEBRON and other non-exempt paralegals in Defendants' law firm, however variously titled, with time and one-half wages for all of their actual overtime hours worked between August 2018 and the present based upon, *inter alia*, Defendants knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated employees.

30.     By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff LEBRON and those similarly situated to her) have suffered damages plus incurring costs and reasonable attorneys' fees.

31.     Based upon information and belief, at all times material to this Complaint, Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual overtime hours worked by LEBRON and other non-exempt paralegals in Defendants' law firm, however variously titled, as a result of which Plaintiff and those similarly situated to her are entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

32.     LEBRON has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

33.     Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, JACQUELYNN LEBRON, and any current or former

employees similarly situated to her who join this action as Opt-In Plaintiffs, demand judgment against Defendants, jointly and severally, A ABILITY ADVOCATE – PAUL K. SCHRIER, PLLC, A ABILITY ADVOCATE – PAUL K. SCHRIER P.A., both d/b/a SCHRIER LAW GROUP, and PAUL K. SCHRIER, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury on all issues so triable.


Dated:  August 25, 2021                      Respectfully submitted,


                              By:     **KEITH M. STERN**
                                      Keith M. Stern, Esquire
                                      Florida Bar No. 321000
                                      E-mail:  employlaw@keithstern.com
                                      LAW OFFICE OF KEITH M. STERN, P.A.
                                      80 S.W. 8th Street, Suite 2000
                                      Miami, Florida 33130
                                      Telephone:  (305) 901-1379
                                      Fax:  (561) 288-9031
                                      Attorneys for Plaintiff

## **CONSENT TO JOIN FORM**

1.      I consent to be a party plaintiff in a lawsuit against Defendants, **A ABILITY ADVOCATE – PAUL K. SCHRIER, PLLC and A ABILITY ADVOCATE – PAUL K. SCHRIER P.A., both d/b/a SCHRIER LAW GROUP, and PAUL K. SCHRIER**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2.      I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims.  I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

Jacquelynn Lebron (Aug 25, 2021 19:11 EDT)

**Jacquelynn Lebron**