UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-23078-Civ-Scola/McAliley

JACQUELYNN LEBRON, on behalf of herself
and others similarly situated,

      Plaintiff,

      v.

A ABILITY ADVOCATE – PAUL K. SCHRIER, PLLC,
d/b/a SCHRIER LAW GROUP,
A ABILITY ADVOCATE – PAUL K. SCHRIER P.A.,
d/b/a SCHRIER LAW GROUP, and
PAUL K. SCHRIER, individually,

      Defendants.
_____/

## JOINT MOTION FOR SETTLEMENT APPROVAL AND DISMISSAL WITH PREJUDICE

Plaintiff, JACQUELYNN LEBRON, and Defendants, A ABILITY ADVOCATE – PAUL K. SCHRIER, PLLC, d/b/a SCHRIER LAW GROUP, A ABILITY ADVOCATE – PAUL K. SCHRIER P.A., d/b/a SCHRIER LAW GROUP, and PAUL K. SCHRIER, by and through their undersigned counsel, hereby file this Joint Motion for Approval of the parties' Settlement Agreement and for Dismissal with Prejudice and state the following in support thereof:

1.      On August 25, 2021, Plaintiff filed her Complaint case against Defendants for alleged overtime wages, liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act, 20 U.S.C. §207 *et seq.* in connection with non-exempt work Plaintiff performed for Defendants' law firm during the statute of limitations period between August 2018 and August 2021.  More specifically, Plaintiff alleged that she worked as a paralegal, a/k/a legal assistant, for Defendants' personal injury law firm, with Plaintiff's primary duties consisting of the following

non-exempt work: (a) scheduling hearings, depositions, and mediations for cases within Defendants' PIP department; (b) calendaring motions and processing mail—including but not limited to, pleadings from other law firms' attorneys and the Courts—and sending out mail for Defendants' clients and cases; and (c) answering and handling telephone calls with Defendants' clients. During the statute of limitations period, Plaintiff alleged she regularly worked for Defendants five (5) days per week with regular start times between approximately 8:00-8:30 a.m. and stop times that ranged between approximately 5:30 p.m. to 6:30 p.m. and as late as approximately 7:15 p.m., working an average of between approximately Forty-Five (45) to Fifty (50) hours per week—but Defendants did not create or maintain contemporaneous time records of the actual daily start times, stop times, number of hours worked each day, or total hours worked each week by Plaintiff and other employees as required by the FLSA, *see, e.g.*, 29 C.F.R. 516.2. Moreover, Defendants paid Plaintiff a weekly salary of $769.23 per week for 40 hours of work per week, but Plaintiff alleged Defendants did not pay time and one-half wages (or any overtime compensation) for the hours she worked in excess of 40 hours per week, as a result of which Plaintiff alleged she was owed an average of Five (5) overtime hours per week during 66 work weeks within the statute of limitations period and Ten (10) unpaid overtime hours during the other 66 work weeks within Plaintiff's claim against Defendants (132 weeks out of 155 overall work weeks), such that if Plaintiff's unpaid overtime wages were found to be due and owing at the time and one-half rate of $28.85/hour [$769.23/40 hours = $19.23/hour x 1.5 = $28.85/hour], Plaintiff's unpaid overtime wages total <u>$28,557.56</u> [($28.85/hour x 5 OT hours/week x 66 weeks = $9,519.22) + ($28.85/hour x 10 OT hours/week x 66 weeks = $19,038.44) = $28,557.56], whereas if Defendants could demonstrate at trial the applicability of the FLSA's "fluctuating workweek method," 29 C.F.R. §778.114, governed the calculation of Plaintiff's unpaid overtime wages on a

half-time basis at the rates of \$7.69/hour and \$8.55/hour [\$769.23/45 hours = \$17.09/2 = \$8.55/hour/\$769.23/50 hours = \$15.38/2 = \$7.69/hour], Plaintiff's unpaid overtime wages would total <u>7,897.43</u> [(\$8.55/hour x 5 OT hours/week x 66 weeks = \$2,820.51) + (\$7.69/hour x 10 OT hours/week x 66 weeks = \$5,076.92) = \$7,897.43].

2.    On September 15, 2021, Plaintiff filed her Statement of Claim pursuant to the Court's Order Requiring Discovery and Scheduling Conference, Statement of Claim and Response in FLSA Case, and Referring Discovery Matters to Magistrate Judge.  D.E. #4.

3.    On September 28, 2021, Defendants filed their Answer and Affirmative Defenses denying that Plaintiff was owed any overtime wages or relief whatsoever.  D.E. #18.

4.    On October 4, 2021, Plaintiff served her First Set of Interrogatories, First Request for Production of Documents, First Request for Admissions, and a proposed Notice of Taking Depositions upon Defendants.

5.    Additionally on October 4, Defendants filed their Response to Plaintiff's Statement of Claim, D.E. #21, in which Defendants asserted that Plaintiff's working hours were from 8:30 a.m. to 4:30 p.m., Monday through Friday, with an hour for lunch for a total of 35 working hours scheduled per week—even though Defendants provided a paid hour for lunch every day to all employees and thus paid Plaintiff for 40 hours per week even though she only worked 35 hours per week.  Second, despite Plaintiff's scheduled starting time being 8:30 a.m., Defendants asserted in their Response to Plaintiff's Statement of Claim that Plaintiff did not show up to work on time— and instead, her usual start time was closer to 9:00 or later—and Plaintiff regularly left work by 4:00-4:30 p.m., such that Plaintiff actually worked less than 35 hours per week, with the total of her actual time on the job being closer to 30 hours per week—and because Plaintiff was treated as a self-governing professional, no one at Defendants' law firm looked over Plaintiff's shoulder and she

was not required to punch a time clock.  Rather, Defendants asserted that Plaintiff like all other legal assistants and paralegals were on "the honor system," meaning that Plaintiff was expected to work the agreed-upon number hours at her scheduled start and end times, nor was Plaintiff ever docked when she worked less than 35 hours.  Third, Defendants set forth in their Response to Plaintiff's Statement of Claim that Defendants' law firm was operated in reliance upon guidance from the United States Department of Labor and based upon the national payroll service provider ADP whom Defendants hired and paid each week between August 2018 and August 2021 to ensure Defendants were in compliance with the Fair Labor Standards Act because ADP is a comprehensive global provider of "cloud-based human capital management solutions that unite HR, payroll, talent, time, tax and benefits administration, and a leader in business outsourcing services, analytics and compliance expertise."  Fourth, Defendants set forth in their Response to Plaintiff's Statement of Claim that Plaintiff never requested to work more than 40 hours per week and there was never any need for Plaintiff to have worked overtime hours because Defendants had enough staff members to handle necessary workflow during regular work hours—but if there had ever been a need for any overtime work between August 2018 and August 2021, Defendant, PAUL K. SCHRIER, the managing attorney of Defendants' law firm, would have paid time and one-half wages for any overtime hours as required by the FLSA.  Defendant's contend that Plaintiff's job of calendaring and scheduling could easily have been performed during normal business hours. There were rare occasions when the law firm did request an employee to work overtime, and on such occasions the law firm paid any such employee time-and-a-half for overtime that was requested.  This is reflected in the ADP records.  Finally, Defendants also set forth in their Response to Plaintiff's Statement of Claim that during the last eleven (11) weeks of Plaintiff's employment between May 27, 2021 and August 13, 2021, Defendants allowed Plaintiff 57 days

of sick leave with full pay because Plaintiff broke her foot.  Defendants maintain that Plaintiff did not perform work while she was injured nor was she expected to —until Defendants informed Plaintiff on August 13, 2021 that she would be required to return work in person in Defendants' office in order to continue to be paid, at which point Defendants assert that Plaintiff abandoned her employment (i.e., quit), while Plaintiff maintains that she was fired.  Defendants assert that when Plaintiff was told she had to return to work after the 57 days of paid leave, she threatened to file a lawsuit for handicap discrimination, but abandoned that idea when she learned that wage and hour claims are easier to win.  Defendants sent a letter to Plaintiff advising of Defendants' intention to continue to pay for her insurance and confirming that she was not fired.

6.    On January 10, 2022, the parties participated in Mediation with Mediator Neil Flaxman for five (5) hours but no resolution was reached.  D.E. #29.

7.    On January 24, 2022, a Discovery Hearing was set before the Honorable United States Magistrate Judge Jonathan Goodman for February 2, 2022 at 4:30 p.m. in connection with Plaintiff seeking from Defendants then outstanding answers and responsive documents to Plaintiff's First Set of Interrogatories No. 1-15 and First Request for Production of Documents No. 1-72, all served upon Defendants on October 4, 2021.  D.E. #30.

8.    On February 2, 2022, Defendants produced Answers to Interrogatories and a Response to Request for Production along with twenty-four (24) pages of documents.

9.    In addition, on February 2, 2022, the Honorable United States Magistrate Judge Jonathan Goodman held a Discovery Hearing on additional discovery at issue in this case, which hearing was approximately one and one-half (1.5) hours.  D.E. #32.

10.    On February 3, 2022, the Honorable United States Magistrate Judge Jonathan Goodman issued a February 3rd Post Discovery Hearing Administrative Order directing

Defendants to produce a written interrogatory answers and additional documents by February 9, 2022.  D.E. #33.

11.     On February 9, 2022, Defendants produced to Plaintiff supplemental documents pursuant to the Court's February 3rd Post Discovery Hearing Administrative Order, including, *inter alia*, a total of 2,667 documents from the first and last sent e-mails of the day by Plaintiff between August 2018 and August 2021.  D.E. #34.

12.     On February 28, 2022, Plaintiff served her Second Request for Production of Documents upon Defendants containing a total of eight (8) document requests.

13.     Between late February 2022 and March 2022, Plaintiff also served Third Party Subpoenas upon ADP and Payroll Performance Solutions, LLC, payroll-consulting services entities utilized by Defendants between August 2018 and August 2021 with respect to payroll for Plaintiff and other paralegals/employees of Defendants' law firm, in response to which Plaintiff ultimately received 1,768 pages of records from ADP and 435 pages of records from Payroll Performance Solutions, LLC.

14.     On March 30, 2022, Plaintiff's Counsel took the depositions of the individual Defendant, PAUL K. SCHRIER, and Defendants' paralegals/Office Manager, Chatrice Telfort.

15.     On April 1, 2022, Defendants took deposition of Plaintiff.

16.     Neither Plaintiff nor Defendants filed a Motion for Summary Judgment in this case and the deadline to file dispositive motions passed on February 28, 2022 pursuant to the Court's October 28, 2021 Amended Scheduling Order.  See D.E. #24 at p.2.

17.     On April 6, 2022, a Discovery Hearing held before the Honorable United States Magistrate Judge Jonathan Goodman in connection with Plaintiff seeking from Defendants outstanding responses and responsive documents to Plaintiff's Second Request for Production of

Documents No. 1, 2, 3, 4, 5, 6, 7, and 8 served upon Defendants on February 28, 2022, for which responses and responsive documents were due by Wednesday, March 30, 2022.  See D.E. #37.

18.    On April 6, 2022, the Honorable United States Magistrate Judge Jonathan Goodman issued an April 6th Post Discovery Hearing Administrative Order, D.E. #41, directing Defendants to produce documents by April 19, 2022 to Request No. 1, 2, 3, 4, 6, 7, and 8 of Plaintiff's Second Request for Production of Documents.  D.E. #41.

19.    On April 13, 2022, Plaintiff filed a Motion for Referral to Settlement Conference before a United States Magistrate Judge, D.E. #42, which Motion Defendants opposed.  D.E. #43.

20.    On April 18, 2022, the Court issued an Order Referring Case to the Honorable Untied States Magistrate Judge Jonathan Goodman for Settlement Conference.  D.E. #44.

21.    On April 19, 2022, Defendants complied with the Court's April 6, 2022 Post Discovery Administrative Order and produced to Plaintiff text messages, e-mails, and the WORD file of Defendants' August 24, 2021 letter, all of which were response to Plaintiff's Second Request for Production of Documents.  See D.E. #47.

22.    On April 19, 2022, the Honorable Untied States Magistrate Judge Jonathan Goodman issued an Order Scheduling Zoom Settlement Conference for May 17, 2022.  D.E. #45.

23.    On April 19, 2022, Defendants served Plaintiff with Defendants' intended Motion for Rule 11 Sanctions.

24.    On May 11, 2022, Plaintiff and Defendants each submitted their Confidential Settlement Conference Statements to the Honorable Untied States Magistrate Judge Jonathan Goodman pursuant Order Scheduling Zoom Settlement Conference.

25.    On May 13, 2022, Plaintiff served on Defendants her Itemized Computation of Damages pursuant to the Order Scheduling Zoom Settlement Conference.

Case No. 21-23078-Civ-Scola/McAliley

26.     On May 27, 2022, the parties appeared before the Honorable Untied States Magistrate Judge Jonathan Goodman for more than two (2) hours for the Court Settlement conference but no resolution was reached.  D.E. #48.  Thereafter, Magistrate Goodman recused himself from the settlement conference and also from the entire case.

27.     On June 8, 2022, the parties filed their Joint Pretrial Stipulation pursuant to the Court's October 28, 2021 Amended Scheduling Order, D.E. #24, and S.D. Fla. Local Rule 16.1(e), including Plaintiff's and Defendants' respective Trial Exhibit Lists and Witness Lists.  D.E. #50.

28.     On June 15, 2022, the parties attended a second Mediation with Mediator Neil Flaxman, see D.E. #55, for more than five (5) hours.

29.     After almost a year of hotly contested litigation and extensive settlement negotiations, the parties have now agreed to a compromise to settle Plaintiff's FLSA claims through the execution of the Settlement Agreement attached to this Motion for review by the Court. The Parties represent that, in accordance with the terms of the Settlement Agreement to be paid by Defendants over a total of four (4) installments between late June 2022 and late September 2022, Plaintiff is receiving a reasonable compromise in the amount of $5,500.00 to resolve her claims for alleged unpaid overtime and liquidated damages despite the risk Plaintiff faced of a potential zero outcome in this matter in light of Defendants' defenses that may have been dispositive at trial, as well as Defendants maintaining that Plaintiff could be liable for Defendants' attorneys' fees under Rule 11 of the Federal Rules of Civil Procedure.  Further, Defendants have also agreed to pay the compromise amount of $16,300.00 to resolve Plaintiff's claim for attorneys' fees and $8,200.00 for costs reimbursements, which amounts were evaluated by Plaintiff separately from the consideration being paid to resolve Plaintiff's underlying FLSA claims.

30.     Plaintiff and Defendants agree that the terms of their Settlement agreement represent a fair and equitable compromise resolution of this matter.  Notably, Plaintiff's good faith estimates of her alleged overtime wages were analyzed at length by Plaintiff with Plaintiff's Counsel after studying thousands of pages records from discovery, such that the compromise set forth in the parties' Settlement Agreement to resolve Plaintiff's underlying claims was agreed upon by Plaintiff as fair and reasonable separate from Plaintiff's attorneys' fees and costs and took into account the certainty of the amount Plaintiff will receive in payment from Defendants now without further time or risk versus the uncertainty that existed had Plaintiff proceeded to the trial scheduled to begin during the July 5, 2022 trial period, and potential appeals.  Likewise, the compromise reached to resolve Plaintiff's claims for attorneys' fees and costs entails a significant reduction of Plaintiff's Counsel's lodestar and is being accepted to ensure Plaintiff has no out-of-pocket responsibility for any attorneys' fees or costs.

31.     Based upon the foregoing, the parties respectfully request that the Court approve their Settlement Agreement as a fair and reasonable resolution of a bona fide dispute under the FLSA pursuant to *Lynn's Food*, 679 F.2d at 1353, with the Court retaining jurisdiction to enforce the parties' settlement through November 30, 2022 in light of the payment plan under the parties' Agreement.  *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir. 2012).

## **MEMORANDUM OF LAW**

Pursuant to Eleventh Circuit precedent, judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect.  *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982).  As the Eleventh Circuit held in *Lynn's Food*:

> "There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them…The only

> other route for compromise of FLSA claims is provided in the
> context of suits brought directly by employees against their
> employer under section 216(b) to recover back wages for FLSA
> violations. When employees bring a private action for back wages
> under the FLSA, and present to the district court a proposed
> settlement, the district court may enter a stipulated judgment after
> scrutinizing the settlement for fairness."

*Id.* at 1352-53.

In accordance with *Lynn's Food*, the Court's review of the parties' Settlement Agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute..." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.  In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

> (1) the existence of fraud or collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery
> completed;
> (4) the probability of Plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See, e.g., Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *adopted by* 2007 WL 219981 (M.D. Fla. Jan. 26, 2007).  The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Id.*

As set forth in the parties' Settlement Agreement attached to this Motion, Defendants have agreed to pay Plaintiff meaningful consideration to resolve her underlying claims for alleged overtime wages and liquidated damages.  In this regard, Defendants have denied and continued to deny that Plaintiff was entitled to any overtimes wages at all and instead was fully compensated— if not overpaid—for the actual work she performed for Defendants during the three (3) year statute

of limitations period between August 2018 and August 2021. Similarly, because Defendants have maintained at all times throughout this case that their record keeping and compensation practices were based upon their good faith compliance with the FLSA with the assistance of ADP, for which Defendants had reasonable grounds to believe their actions, or omissions, if any, did not violate the law, the issues of whether Plaintiff could recover liquidated damages under 29 U.S.C. §216(b) or trigger the third year of the statute of limitations period under 29 U.S.C. §255(a)—which encompassed the time between August 25, 2018 through August 24, 2019, such that Plaintiff's claims at trial may have been limited to the two (2) years between August 25, 2019 and August 2021 and thus may have totaled only $4,128.20 in overtime wages on a half-time basis *even if fully proven*—were in dispute. Thus, when Plaintiff evaluated potential outcomes and the risk that could have resulted at trial, along with potential appeals, the certainty of a significant recovery in settlement outweighed continued litigation. Likewise, if Defendants had proceed to trial, Defendants' exposure was in excess of $100,000.00 before accounting for Defendants' own attorneys' fees and costs, such that while Defendants continue to deny Plaintiff would have obtained a jury verdict in her favor, Defendants' decision to enter into the compromise in the parties' Settlement Agreement represents a pure business judgment to best protect Defendants.

Next, the resolution of Plaintiff's claims for attorneys' fees was evaluated by Plaintiff independent from her recovery under the parties' settlement. As numerous Courts have held, where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to her attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel. *See, e.g., Bonetti v. Embarq*

11

*Management Co.,* 715 F. Supp. 2d 1222, 1227-1228 (M.D. Fla. 2009). Here, although Plaintiff's

attorneys' fees time since August 2021 totals $49,780.00 in attorneys' fees from 104.80 hours of

Keith M. Stern, Esquire at the rate of $$475.00/hour [104.80 hours x $475/hour = $49,780.00],

along with costs of more than $8,227.00 from, *inter alia*, [$402.00 – Filing Fee; U.S. Clerk of

Court; $550.00 – Service of Process & Summonses; Third-Party Summonses; $275.00 - Lexis

Research; $3,000.00 – Mediation Fees ($1,125.00 & $1,875.00); $1,254.00 – Veritext Court

Reporting (Deposition Transcript); $2,086.00 – US Legal Support (Court Reporting Fees &

Deposition Transcripts); $110.00 – Document Reproduction/Copies], the compromise reached as

set forth in the parties' Settlement Agreement of $16,300.00 to resolve all claims by Plaintiff for

attorneys' fees, along with $8,200.00 in costs reimbursements, ensures that Plaintiff will not pay

any amounts out-of-pocket for either attorneys' fees or costs. Accordingly, Plaintiff's Counsel is

waiving more than 67% of the attorneys' fees lodestar incurred in representing Plaintiff over the

course of elven months of representation ($33,480.00/$49,780.00 = 67.26%). Notably, over the

past several years, Plaintiff's Counsel has regularly billed for his services at rates between

$400.00/hour and $475.00/hour, with examples of cases in which those rates have been

applicable—from settlement approvals in FLSA and state wage & hour class cases throughout the

United States wherein various billing rates were applicable in Florida and across the country—

including but are not limited to:

> (i) (a) <u>Cabral v. Ryder Last Mile, Inc. et al.</u>, Case No. 20-CIV-62454-RAR (S.D.
> Fla. Dec. 22, 2021 Order Granting Final Approval of FLSA Collective Action
> Settlement in wherein rate for Keith M. Stern was $475.00/hour (Hon. Judge
> Rodolfo A. Ruiz II)); (b) <u>In Re Pilot Travel Corporation Unpaid Overtime
> Settlement</u>, JAMS Arbitration Case No. 1460007184 (Apr. 19, 2021 Arbitrator
> Jeffrey Grubman's Order Approving Nationwide Overtime Settlement for 3,939
> Eligible Settlement Members from Hourly Cashiers, Team Leaders, and Shift
> Leaders Subject to Arbitration after Seven Years of Federal Court Litigation,
> Appeals, Arbitration Litigation wherein rate for Keith M. Stern was $575.00/hour);
> (c) <u>Stone et al. v. Grenier Enterprises, Inc. et al.</u>, Case No. CACE18-008726 (12)

(17th Judicial Circuit Court, April 22, 2019 Order Granting Final Approval of Florida state law class wherein rate for Keith M. Stern was $475.00/hour); (d) Mohamed et al. v. Cogint, Inc et al., Case No. 18-80686-Civ-Brannon (S.D. Fla. Mar. 1, 2019 Order Approving Settlement in FLSA Collective Action wherein rate for Keith M. Stern was $450.00/hour); (e) Taylor et al v. Pilot Corporation et al., Case No. 2:14-cv-02294-SHL-tmp (W.D. Tenn. Aug. 20, 2018 Order Approving partial class settlement for nationwide FLSA collective action); (e) Crankshaw et al. v. NCL Corp. Ltd. et. al., S.D. Fla. Case No. 16-cv-20415-GAYLES (D.E. #86: Mar. 14, 2018 Order Granting Final Approval of Collective Action Settlement); (f) Lamey et al. v. Jetsmarter, Inc. et al., Case No. 17-cv-61217-VALLE (S.D. Fla. Jan. 4, 2018 Order Approving Settlement in nationwide FLSA Collective Action); (g) Molieri et al. v. Centurion Air Cargo, Inc., et al., Case No. 2017-002646-CA-06 (11th Judicial Circuit Court, Oct. 16, 2017 Order Granting Final Approval of Florida state law class/FLSA collective action wherein rate for Keith M. Stern was $475.00/hour); (h) Annable et al. v. Warbird Consulting, Case No. 1:17-cv-279-SCJ (N.D. Ga. August 23, 2017 Order Approving Settlement wherein rate for Keith M. Stern was $450.00/hour; (i) Scales et al., v. We R Wireless, Inc. et al., Case No. 14-CV-03322-RMB-AMD (D.N.J November 2, 2016 Order Approving Joint Motion for Final Approval of Collective Action Settlement and Attorneys' Fees, wherein rate for Keith M. Stern was $450.00/hour); (j) Puglisi et al. v. TD Bank, N.A., Case No. 13-cv-637 (GRB) (E.D.N.Y. July 30, 2015 Order Approving Collective & Class Action Settlement, including Class Counsel's Attorneys' Fees, wherein rate for Keith M. Stern was $450.00/hour); (k) McMahon v. Towerstream, Case No. 50-2016-CA-008291-XXXX-MB (Circuit Court 17th Judicial Circuit in & for Broward County, Florida - August 25, 2016 Order Approving Collective Action FLSA Settlement); (l) Yuen v. Nielsen, CACE-14-013935 (July 31, 2014 Order Approving Nationwide Collective Action Settlement - Circuit Court 17th Judicial Circuit in & for Broward County, Florida); and (m) Davis et al. v. Social Service Coordinators, Inc., Case No. 13-22997-CIV-TORRES (S.D. Fla. July 11, 2014 Order Approving Attorneys' Fees in Collective & Class Action Settlement),

as well as individual employee-Plaintiff's cases and defense matters in which Plaintiff's

Counsel has also represented Defendant-employers including:

(ii) (a) Florenzano v. Lawn Management Associates Corp. et al., S.D. Fla. Case No. 22-20368-CIV-WILLIAMS (FLSA case in which Keith M. Stern is currently Defense Counsel at rate of $425.00/hour); (b) Santamaria et al. v. Xpress Restoration, Inc. et al., Case No. 21-21802-CIV-Bloom/Otazo-Reyes (S.D. Fla. Oct. 19, 2021 Order Approving FLSA Settlement in which rate for Keith M. Stern was $450.00/hour; (c) Nicolas v. Coast to Coast General Contractors, Inc., Case No. 21-2196-CIV-McAliley (S.D. Fla. Sept. 14, 2021 Order Approving FLSA-Title VII Settlement in which rate for Keith M. Stern was $475.00/hour); (d) Figueroa v. Mama's On Wheels, LLC et al., Case No. 21-20779-CIV-MOORE/LOUIS (S.D. Fla. May 26, 2021 Order Approving Settlement in FLSA Overtime Case with rate of $450.00/hour for Keith M. Stern); (e) Cespedes v. Universal Scrap Motors Inc.

et al., Case No.: 20-24772-CIV-BECERRA (S.D. Fla. Mar. 18, 2021 Order Approving Settlement in Independent Contractor Misclassification FLSA claim for alleged overtime wages and Tax Fraud with rate of $450.00/hour for Keith M. Stern); (f) Lauzurique v. Public Health Trust of Miami Dade County, Case No: 20-20464-CIV-OTAZO-REYES (S.D. Fla. Feb. 5, 2021 Order Approving Settlement in Salaried Misclassification FLSA claim for alleged overtime with rate of $450.00/hour for Keith M. Stern); (g) Haave v. All American Security Services Inc. et al., Case No. 20-22477-CIV-MORENO (S.D. Fla. Jul. 14, 2020 Order Approving Settlement in FLSA case for with rate of $450.00/hour for Keith M. Stern); (h) Carniglia et al. v. My Ceviche et al., Case No. 19-24890-CIV-GOODMAN (S.D. Fla. Jul. 13, 2020 Order Approving FLSA Settlement wherein billed rate was $450/hour for Keith M. Stern); (i) Diaz v. Tropic Oil Company et al., Case No. 19-25302-civ-Scola (S.D. Fla. Jun. 16, 2020 Order Approving Settlement in FLSA & Florida Whistleblower Act case where Keith M. Stern's rate was $475.00/hour); (j) Herrera v. Intermex Wire Transfer LLC, Case No. 20-20658-CIV-GOODMAN (Jun. 5, 2020 Order Approving FLSA Settlement wherein billed rate was $450/hour for Keith M. Stern); (k) De Renzis v. Airport Concessions Group Inc., Case No. 20-20449-CIV-OTAZO-REYES (S.D. Fla. May 15, 2020 Order Approving FLSA Settlement wherein rate was $450.00/hour for Keith M. Stern); (l) Columbo v. Espear LLC et al., Case No. 1:20-cv-20407-MOORE (S.D. Fla. May 7, 2020 Order Approving Settlement in Equal Pay Act case wherein rate was $475.00/hour for Keith M. Stern); (m) Espinosa v. BellSouth Telecommunications, LLC, Case No. 19-cv-23757-Louis (S.D. Fla. Feb. 25, 2020 Order Approving Settlement in salaried misclassification FLSA case wherein rate for Keith M. Stern was $450.00/hour); (n) Prewitt v. Akiba Antiques Jr. LLC et al., Case No. 19-63138-CIV-SMITH/VALLE (S.D. Fla. Feb. 17, 2020 Order Approving Settlement in single plaintiff hourly employee FLSA case wherein rate for Keith M. Stern was $450.00/hour); (o) Gonzalez v. Alibert, Inc. et al., Case No. 19-61963-CIV-Hunt; (S.D. Fla. Feb. 13, 2020 Order of Dismissal, D.E. #37, FLSA case wherein rate of Keith M. Stern serving as Defense Counsel was $450.00/hour); (p) Solano v. Stronghealth Network PLLC et al., Case No. 19-23759-CIV-GAYLES/OTAZO-REYES (S.D. Fla. Dec. 17, 2019 Order Approving Settlement in single plaintiff FLSA case wherein rate for Keith M. Stern was $475.00/hour); (q) Gonzalez v. First Capital Venture Co., Case No. 19-cv-22093-GAYLES/OTAZO-REYES (S.D. Fla. Oct. 23, 2019 Order Approving Settlement in FLSA-unpaid wage case where rate for Keith M. Stern was $475.00/hour); (r) Ordaz v. Todd A. Zuckerbrod, P.A., et al., S.D. Fla. Case No. 19-80904-CIV-SMITH (S.D. Fla. Sept. 2019 Order of Dismissal wherein rate for Keith M. Stern was $475.00/hour; (s) Brown et al. v. Barrier Technologies, Inc. et al., S.D. Fla. Case No. 19-61064-CIV-ALTMAN/Hunt (Sept. 12, 2019 Order Approving multi-plaintiff FLSA settlement wherein rate for Keith M. Stern was $400.00/hour); (t) Roblero v. Lupita's Tex-Mex Restaurant, Inc. et al., Case No. 19-80173-Civ-Brannon (S.D. Fla. Apr. 22, 2019 Order Approving Settlement in FLSA case); (u) Taveras v. Atlantic & Pacific Association Management, Inc., Case No. 18-24506-CIV-WILLIAMS/TORRES (S.D. Fla. Mar. 18, 2019 Order Approving FLSA Settlement); (v) Lopez v. Burger Maker, Inc. et al., Case No. 1:18-CV-02127-MLB (N.D. Ga. Jan. 8, 2019 Order

Approving FLSA Settlement); (w) <u>Campos v. Fertago Trading USA LLC et al.</u>, Case No. 18-24006-CIV-GOODMAN (S.D. Fla. Dec. 28, 2018 Order Approving FLSA Settlement; (x) <u>Hernandez v. The Biltmore Hotel Limited Partnership et al.</u>, Case No. 18-22870-Civ-COOKE/GOODMAN (S.D. Fla. Nov. 27, 2018 Order Approving FLSA Settlement); (y) <u>Person v. JAE Restaurant Group, Inc.</u>, Case No. 18-22331-CIV-WILLIAMS (S.D. Fla. Oct. 15, 2018 Order Approving FLSA-Whistleblower Act Settlement, D.E. #26); (z) <u>Calzadilla v. Community Health of South Florida, Inc.</u>, Case No. 18-21843-CIV-MARTINEZ/OTAZO-REYES (S.D. Fla. Sept. 25, 2018 Order Approving Equal Pay Act (EPA) Settlement wherein rate of Keith M. Stern was $400.00/hour); (aa) <u>Jackson v. DSA Management Co., Inc. et al.</u>, Case No. 17-23615-CIV-WILLIAMS (S.D. Fla. Jul. 17, 2018 Order Approving FLSA-Whistleblower Settlement, D.E. #32); (bb) <u>Hernandez v. Sea Tower Apartments, Inc.</u>, Case No. 18-60651-CIV-MOORE/SNOW (S.D. Fla. Jul. 10, 2018 Order Approving FLSA Settlement, D.E. #15, wherein rate for Keith M. Stern was $375/hour); (cc) <u>King v. Gold Coast USA Inc.</u>, Case No: 6:17-cv-1511-Orl-41GJK (M.D. Fla. Apr. 16, 2018 Final Order of Approval, D.E. #28); (dd) <u>Bosque v. SpecialtyCare, Inc.</u>, Case No. 1:17-cv-24271-RNS (S.D. Fla. Apr. 5, 2018 Order Approving Settlement, D.E. #17); (ee) <u>Lopez v. Salma Elfaki, M.D., P.A.</u>, Case No. 6:16-cv-1665-Orl-DCI (M.D. Fla. Mar. 12, 2018 Order Approving FLSA Settlement, D.E. #89); (ff) <u>Vida v. Dawkins Home, Inc. et al.</u>, Case No. 17-2425-CIV-MORENO (S.D. Fla. Feb. 20, 2018 Order of Approval & Dismissal With Prejudice, D.E. #19); (gg) <u>Matador v. Centene Management Company LLC et al.</u>, Case No: 6:17-cv-1361-Orl-40TBS (M.D. Fla. Feb. 13, 2018 Final Order of Approval, D.E. #36); (hh) <u>Tufino v. Showpitch, LLC</u>, Case No. 16-63004-CIV-ZLOCH (S.D. Fla. Oct. 17, 2017 Final Order of Approval-Dismissal, D.E. #14); (ii) <u>Albury v. TSI Logistics LLC</u>, Case No. 17-20386-CIV-OTAZO-REYES (S.D. Fla. Aug. 29, 2017 Order of Dismissal, D.E. #39, FLSA in which Keith M. Stern served as Defense Counsel; (jj) <u>Guerrier et al. v. Astaldi Construction</u>, Case No. 17-CV-60808-VALLE (S.D. Fla. Aug. 3, 2017 Order Approving Settlement, D.E. #50); (kk) <u>Acevedo v. Barry University, Inc.</u>, Case No. 17-CV-20554 (S.D. Fla. May 18, 2017 Order of Dismissal, D.E. #39); (ll) <u>Mitchell v. Frank L. Bennardo, P.E., Inc. et al.</u>, Case No. 16-CV-61358-GAYLES (S.D. Fla. Feb. 23, 2017 Order Approving Settlement Agreement and Dismissal, D.E. #39); (mm) <u>Rodriguez v. v. Penguin Random House Grupo Editorial (USA) LLC. et al.</u>, Case No. 16-CV-25159-JAL (S.D. Fla. Feb. 17, 2017 Order of Dismissal, D.E. #17); (nn) <u>Curry v. NNS Trading Inc. et al.</u> Case No. 16-24279-CIV-SCOLA (S.D. Fla. December 1, 2016 Order of Dismissal, D.E. #13); (oo) <u>Semiglia v. Sharff, Wittmer, Jurtz, Jackson & Diaz, P.A.</u>, Case No. 16-20617-CIV-GOODMAN (S.D. Fla. Sept. 23, 2016 Order of Dismissal, D.E. #37); (pp) <u>Dadon v. GB Instruments, Inc.</u>, Case No. 16-60889-CIV-UNGARO (S.D. Fla. Sept. 19, 2016 Order of Dismissal, D.E. #19); (qq) <u>Goodwin v. Dollar Tree Stores, Inc.</u>, Case No. 16-60214-CIV-ZLOCH (S.D. Fla. Jul. 25, 2016 Order of Dismissal, D.E. #28); (rr) <u>Thompson v. Boca Group, LLC,</u> Case No. 16-80434-CIV-COHN/SELTZER (S.D. Fla. Jun. 15, 2016 Order Approving Settlement after Fairness Hearing); (ss) <u>Loor v. Sushin Express, Inc. et al.</u>, Case No. 16-20618-CIV-MOORE/MCALILEY (S.D. Fla. May 9, 2016 Order Approving Settlement, D.E. #20 – serving as Defendants' Counsel); (tt) <u>Lula v.Ta</u>

Cook, Case No. 15-81617-CIV-ROSENBERG/HOPKINS (Apr. 12, 2016 Order Approving Settlement, D.E. #19); (uu) Tighe v. Douglas Orr Plumbing et al., Case No. 15-23995-CIV-COOKE/TORRES (S.D. Fla. Mar. 30, 2016 Order of Dismissal, D.E. #31); (vv) Olivares v. Samuel D. Lopez, P.A., et al., Case No. 15-62332-CIV-COHN/SELTZER (S.D. Fla. Feb. 8, 2016 Order Approving Settlement, D.E. #33-34; (ww) Whiteman v. Lean Culinary Services, LLC et al., Case No. 15-81407-CIV-ZLOCH (S.D. Fla. Jan. 22, 2016 Order of Dismissal, D.E. #27; and (xx) Brown v. Akam On Site, Inc. et al., Case No. 15-22771-CIV-LENARD/GOODMAN (S.D. Fla. Oct. 29, 2015 Order Approving Settlement, D.E. #24, after review of Plaintiff's Counsel's billing records).

In conclusion, based upon the facts and circumstances of this case, the parties respectfully submit that the compromise amounts Defendants have agreed to pay to Plaintiff and to Plaintiff's Counsel under the terms of the parties' Settlement Agreement represent a fair and reasonable settlement within the meaning of *Lynn's Food*. Accordingly, the parties respectfully request the Court approve the Settlement Agreement pursuant to *Lynn's Food*, 679 F.2d at 1353, with the Court retaining jurisdiction to enforce the parties' settlement through November 30, 2022 in light of the payment plan under the parties' Agreement. *See Anago Franchising*, 677 F.3d at 1272.

Respectfully submitted this 21st day of June 2022.

LAW OFFICE OF KEITH M. STERN, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33132
Telephone: (305) 901-1379
Facsimile: (561) 288-9031
E-mail: employlaw@keithstern.com

MANOS SCHENK PL
E-mail: tjm@mswordlaw.com
Brickell Arch
1395 Brickell Avenue, 8th Floor
Miami, Florida 33131
Telephone:  (305) 341-3100

**s/Keith M. Stern**
Keith M. Stern, Esquire
Florida Bar No. 321000
Attorneys for Plaintiff

**s/Tom J. Manos**
Tom J. Manos, Esquire
Florida Bar No. 174262
Attorneys for Defendants

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

1.     This Settlement Agreement covers all understandings between JACQUELYNN LEBRON (referred to as "Plaintiff," a term which includes Plaintiff's successors, assigns, beneficiaries, personal representatives, and heirs) and A ABILITY ADVOCATE – PAUL K. SCHRIER, PLLC, d/b/a SCHRIER LAW GROUP, A ABILITY ADVOCATE – PAUL K. SCHRIER P.A., d/b/a SCHRIER LAW GROUP, and   PAUL K. SCHRIER, individually (collectively referred to as "Defendants," a term which includes each and every officer, director, employee, agent, parent corporation or subsidiary, affiliate or division, their successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs).

2.     For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees as follows:

A.     To settle any and all claims and actions of any nature whatsoever between Plaintiff and Defendants and release and forever discharge Defendants of and from all and any manner of actions, causes of actions, suits, rights to attorney fees, debts, claims and demands whatsoever in law or equity by reason of any matter, cause or thing whatsoever, and particularly, but without limitation of the foregoing general terms, by reason of any claims or actions arising from Plaintiff's alleged employment with Defendants, or related to the transactions or matters which are the subject matter of the lawsuit Case No. 21-23078-Civ-Scola/McAliley, pending in the United States District Court for the Southern District of Florida, including without limitation any claims arising from any alleged violation of any and all federal, state, or local laws, including the Employee Retirement Income Security Act of 1974, the Civil Rights Acts of 1866, 1871, 1964, and 1991, the Rehabilitation Act of 1973, the Fair Labor Standards Act, the Equal Pay Act of 1963, the Vietnam Era Veterans' Readjustment Assistance Act of 1974, the Occupational Safety and Health Act, the Immigration Reform and Control Act of 1986, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967, the Older Workers' Benefit Protection Act, and the Florida Civil Rights Act.  This is not a complete list, and Plaintiff waives and releases all similar rights and claims under all other federal, state and local discrimination provisions and all other statutory and common law causes of action relating in any way to Plaintiff's employment or separation from employment with Defendants, or otherwise, and whether such claims are now known or unknown to Plaintiff, from the beginning of the world to the effective date of this Agreement, except that this release does not compromise, waive, or prejudice any claims for re-employment assistance, a/k/a unemployment, benefits consistent with Florida Statutes §443.041(1), or any claims arising from work-place injuries, including but not limited to claims for worker's compensation benefits or worker's compensation relief consistent with Florida Statutes §440.21.

B.     To file this Settlement Agreement with the Court, along with a Joint Motion for Settlement Approval and Dismissal With Prejudice, for review before the Honorable United States District Judge Robert N. Scola in Case No. 21-23078-

Civ-Scola/McAliley in order to obtain Court approval pursuant to <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350 (11th Cir. 1982), with the Court to retain jurisdiction to enforce this Agreement through November 30, 2022.

C.      To agree and acknowledge that this settlement does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendants. Plaintiff understands and does not oppose Defendants filing a Motion pursuant to S.D. Fla. Local Rule 5.4 seeking to seal the parties' Settlement Agreement.

D.      Plaintiff represents and affirms that she did not suffer any unreported workplace injuries during the course and scope of her employment with Defendants, and Plaintiff has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against Defendants in any forum or form, other than Case No. 21-23078-Civ-Scola/McAliley.  Plaintiff agrees not to institute, or have instituted by anyone, in her name or on her behalf a lawsuit against Defendants based on any claims or rights waived in this Agreement.  Plaintiff further agrees that with respect to the rights and claims she is waiving, she waives not only her right to recover money or any other relief but also her right to recover in any action brought by any other party to the extent permitted by law, including but not limited to, the United States Equal Employment Opportunity Commission, the Department of Labor, or any other federal, state, or local governmental agency or department.

E.      Plaintiff waives any right to future employment with Defendants and agrees that she shall not apply for employment with Defendants in the future.  To the extent Plaintiff does apply for employment with Defendants in the future, Plaintiff acknowledges and agrees that she is not eligible for re-hire and can be denied employment for any reason.

F.      Plaintiff agrees not to disclose the existence or terms of this Settlement Agreement to anyone except any attorneys, tax advisors, or as compelled by force of law.  In the event Plaintiff is compelled by force of law to disclose the terms of this Agreement, Plaintiff agrees that notice of receipt of the judicial order or subpoena shall be promptly communicated to Defendants' Counsel, Tom J. Manos, Esq., telephonically at (305) 341-3100, and confirmed thereafter in writing via e-mail to tjm@msworldlaw.com so that Defendants will have the opportunity to assert what rights they may have in non-disclosure prior to any response to the order or subpoena.  Plaintiff agrees that a proven breach of the confidentiality provisions in this Section 2(F) would be a material breach of this Agreement.  Therefore, in the event of a proven breach in Court of the confidentiality provisions of this Agreement by Plaintiff, Defendants shall be entitled to recover from Plaintiff liquidated damages an amount determined by the Court per proven violation, as well as Defendants' reasonable attorney's fees, costs, and an injunction against any further breach.

3.      For and in consideration for the promises made by Plaintiff in this Settlement

2

Agreement, Defendants agree to pay the total amount of Thirty Thousand Dollars ($30,000.00) as follows as follows:

A.   by Monday June 27, 2022, Defendants will pay the amount of $20,000.00 to Keith M. Stern, P.A. Trust Account; and

B.   by Friday, July 29, 2022, Defendants will pay the amount of $2,500.00 to Keith M. Stern, P.A. Trust Account; and

C.   by Friday, August 26, 2022, Defendants will pay the amount of $2,500.00 to Keith M. Stern, P.A. Trust Account; and

D.   by Friday, September 23, 2022, Defendants will pay the amount of $2,500.00 to Keith M. Stern, P.A. Trust Account and

E.   by Friday, October 28, 2022, Defendants will pay the amount of $2,500.00 to Keith M. Stern, P.A. Trust Account,

which includes $5,500.00 in consideration to Plaintiff for her underlying claims for alleged overtime wages and liquidated damages, $8,200.00 for costs, and $16,300.00 in resolution of all of Plaintiff's attorneys' fees. Defendants shall have Five (5) calendar days following the payment deadlines under Section 3(A)-(E) to cure any default in payment (i.e., failure to pay the agreed upon amount by the applicable dates), after which if any breach has not been remedied, Defendants understand and acknowledgment that Plaintiff will seek enforcement of this settlement with the Court in Case No. 21-23078-Civ-Scola/McAliley.

F.   In exchange for the consideration in this Agreement from Plaintiff, Defendants hereby release Plaintiff from any and all claims, charges, actions, and causes of action of any kind or nature that Defendants once had or now have, whether arising out of Plaintiff's employment or otherwise, and whether such claims are now known or unknown to Defendants from the beginning of the world to the effective date of this Agreement.

G.   To file this Settlement Agreement with the Court, along with a Joint Motion for Settlement Approval and Dismissal With Prejudice, for review before the Honorable United States District Judge Robert N. Scola in Case No. 21-23078-Civ-Scola/McAliley in order to obtain Court approval pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), with the Court to retain jurisdiction to enforce this Agreement through October 28, 2022. In this regard, Defendants will file a Motion pursuant to S.D. Fla. Local Rule 5.4 seeking to seal the parties' Settlement Agreement and Defendants understand and agree that if the Court does not permit the sealed filing of this Agreement, the Agreement will be filed in the record as directed by the Court.

I.   Defendant, Paul Schrier, individually, agrees not disclose to any third parties: (i) the existence or terms of this Settlement Agreement; or (ii) the fact that Plaintiff filed any claims against Defendants. If Defendant, Paul Schrier is contacted by or

communicates with any third parties about Plaintiff, Defendant, Paul Schrier, agrees he will confirm only the dates during which Plaintiff performed work for Defendants, the job/position Plaintiff held with Defendants, and if asked, the compensation paid to Plaintiff.  In the event Defendant, Paul Schrier is compelled by force of law to disclose the existence or terms of this Agreement, Defendant, Paul Schrier agrees that notice of receipt of any judicial order, subpoena, or governmental investigation shall be communicated in writing to Plaintiff's Counsel, Keith M. Stern, Esq. at employlaw@keithstern.com so that Plaintiff will have the opportunity to assert any rights she has regarding such disclosure. Defendants agree that a proven breach of the confidentiality provisions in this Section 3(G) would be a material breach of this Agreement.  Therefore, in the event of a proven breach in Court of the confidentiality provisions of this Agreement by Defendants, Plaintiff shall be entitled to recover from Defendants damages an amount determined by the Court per proven violation, as well as Plaintiff's reasonable attorney's fees, costs, and an injunction against any further breach.

4.     Plaintiff and Defendant, Paul Schrier, agree they will not disparage, defame, or otherwise publish any negative statements about each other, to any person or entity.

5.     In the event that Plaintiff or Defendants commence(s) an action to enforce the provisions of this Agreement, the prevailing party in any such action shall be entitled to an award of her/his/its reasonable attorneys' fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.  Not Withstanding the foregoing, Paul Schrier shall not be held responsible for the actions of other third-parties beyond his control.  Any lawsuit brought by Plaintiff against Paul Schrier based on the conduct of third-parties, or against Paul Schrier for failing to control third-parties, shall be deemed a breach of this agreement by Plaintiff and will automatically entitle Paul Schrier to his attorneys' fees and costs as the prevailing party.

6.     Plaintiff and Defendants agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

7.     This Agreement supersedes any and all prior agreements between the parties.  No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and Defendants.

8.     This Agreement may be executed electronically and in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument. Electronic, scanned, and facsimile signatures shall be deemed effective as original signatures.

9.      Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement and all other valid provisions shall survive and continue to bind the parties.

10.     The law governing this Agreement shall be that of the United States and the State of Florida.

DATE: _____    Signature: _____

JACQUELYNN LEBRON

DATE: 6/22/22    Signature: _____

PAUL K. SCHRIER, individually and on behalf of A ABILITY ADVOCATE – PAUL K. SCHRIER, PLLC, d/b/a SCHRIER LAW GROUP, A ABILITY ADVOCATE – PAUL K. SCHRIER P.A., d/b/a SCHRIER LAW GROUP

deemed not to be a part of the Agreement and all other valid provisions shall survive and continue to bind the parties.

      10.    The law governing this Agreement shall be that of the United States and the State of Florida.

DATE: 06/21/2022      Signature: _____

                               JACQUELYNN LEBRON

DATE: _____      Signature: _____

                               PAUL K. SCHRIER, individually and on behalf of A ABILITY ADVOCATE – PAUL K. SCHRIER, PLLC, d/b/a SCHRIER LAW GROUP, A ABILITY ADVOCATE – PAUL K. SCHRIER P.A., d/b/a SCHRIER LAW GROUP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-23078-Civ-Scola/McAliley

JACQUELYNN LEBRON, on behalf of herself
and others similarly situated,

      Plaintiff,

      v.

A ABILITY ADVOCATE – PAUL K. SCHRIER, PLLC,
d/b/a SCHRIER LAW GROUP,
A ABILITY ADVOCATE – PAUL K. SCHRIER P.A.,
d/b/a SCHRIER LAW GROUP, and
PAUL K. SCHRIER, individually,

      Defendants.

_____/

## ORDER APPROVING SETTLEMENT AND DISMISSAL WITH PREJUDICE

THIS CAUSE having come before the Court upon the parties' Joint Motion for Settlement Approval and Dismissal with Prejudice, and the Court having reviewed the Motion, the parties' Settlement Agreement filed at D.E. #56-1, and the Court being otherwise fully advised in the premises, ORDERS and ADJUDGES that the Joint Motion is **GRANTED** and the parties' Settlement Agreement is hereby **APPROVED**.

This case is **DISMISSED with PREJUDICE**, with the Court retaining jurisdiction through November 30, 2022.

**Done and ordered** at Miami, Florida on June ____, 2022.

_____
**Robert N. Scola, Jr.**
**United States District Judge**

cc:    counsel of record